IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **CRYSTAL MCKINNEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   Case No. 4:13-CV-02557 |
| v. | ) |
| | ) |
| **TITLEMAX OF MISSOURI, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## ANSWER

COMES NOW Defendant TitleMax of Missouri, Inc. ("Defendant") and for its Answer to Plaintiff Crystal McKinney's ("Plaintiff") Petition for Damages ("Complaint"), admits, denies and avers as follows:

1. Paragraph 1 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

2. Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 2 of the Complaint and therefore denies the same.

3. Defendant admits the allegations in paragraph 3 of the Complaint.

4. To the extent the allegations in paragraph 4 contain legal conclusions to which no response is required Defendant denies the same. Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Paragraph 5 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

6. Defendant denies having engaged in unlawful discriminatory practices. The remaining allegations in paragraph 6 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

7. Defendant admits Plaintiff filed a charge of discrimination but denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant admits a copy of a right to sue notice that appears to have been issued by the Equal Employment Opportunity Commission to Plaintiff is attached to the Complaint as Exhibit 1 and incorporated by reference. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 8 of the Complaint and therefore denies the same.

9. Defendant admits that it employed Plaintiff starting on or about November 3, 2010, but denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant admits that it became aware of Plaintiff's pregnancy during her employment but denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant admits that on or about June 2, 2011, Plaintiff sought a leave of absence pursuant to the Family Medical Leave Act in preparation for the birth of her child. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 13 of the Complaint and, therefore, denies the same.

14. Defendant admits that in response to Plaintiff'on or about June 6, 2011, it informed Plaintiff that she was not eligible for leave pursuant to the Family Medical Leave Act but denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendant admits that on or about July 29, 2011, Plaintiff requested and was granted 3 weeks unpaid personal leave but denies the remaining allegations in paragraph 15 of the Complaint.

16. Defendant is without sufficient information or knowledge to admit or deny the allegations in paragraph 16 of the Complaint and therefore denies the same.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Responding to paragraph 19, Defendant incorporates by reference, as if fully set forth herein, each and every response set forth in the preceding paragraphs.

20. Defendant admits that Plaintiff is female. The remaining allegations in paragraph 20 contain a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

21. In response to paragraph 21, Defendant admits that for a period of time during her employment Plaintiff was pregnant.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint including its subparts.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. The allegations in paragraph 25 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

## ADDITIONAL DEFENSES

1. Defendant generally denies each and every allegation not specifically admitted herein.

2. All or part of Plaintiff's claims are barred because Plaintiff has failed to state a claim upon which relief can be granted.

3. Defendant denies that it engaged in any discriminatory, harassing, retaliatory or wrongful conduct and denies that Plaintiff is entitled to any legal or equitable relief.

4. Defendant is not liable to Plaintiff, and Plaintiff is not entitled to damages from Defendant because Plaintiff has not suffered any injury.

5. Defendant had legitimate, lawful reasons for its decisions and made them in the good faith exercise of reasonable business judgment.

6. Defendant is not liable to Plaintiff, and Plaintiff is not entitled to damages from Defendant to the extent that all or part of the claims against Defendant are barred by waiver, estoppel, release, unclean hands and/or laches.

7. Defendant is not liable to Plaintiff, and Plaintiff is not entitled to damages from Defendant to the extent that all or a part of the claims against Defendant are barred by the applicable statutes of limitation.

8. Defendant is not liable to Plaintiff, and Plaintiff is not entitled to damages from Defendant to the extent that all or a part of the claims against Defendant are barred by failure to timely exhaust administrative remedies.

9. Plaintiff's alleged damages have been caused by her own intentional acts or omissions, or the acts of third-parties over which Defendant have no control.

10. To the extent that Plaintiff failed to mitigate her alleged damages, such damages are barred.

11. To the extent Plaintiff acted contrary to Defendant's policies, Defendant is not liable for any alleged damage caused thereby.

12. Plaintiff may not state a claim for punitive damages or recover such damages.

13. Defendant made a good faith effort to comply with all applicable laws. Thus, Plaintiff is not entitled to an award of punitive damages against Defendant.

14. Defendant did not act with malice or in reckless disregard of Plaintiff's rights, thus, Plaintiff is not entitled to an award of punitive damages against Defendant.

15. Any award of punitive damages to Plaintiff would violate Defendant's rights under the United States Constitution.

16. Any award of punitive damages against Defendant would violate Defendant's Due Process rights.

17. Defendant reserves the right to further respond and to assert additional defenses and affirmative defenses as they become evident through discovery or investigation.

WHEREFORE, Defendant prays that Plaintiff take nothing by her Complaint, that Plaintiff's Complaint be dismissed, and for such other relief the Court deems appropriate and just.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

/s Brian J. Christensen
Brian J. Christensen,        #53497
Kyle B. Russell,             #52660
9401 Indian Creek Parkway, Suite 700
Overland Park, Kansas 66210
(913) 345-8100
(913) 345-0736 – Fax
bchristensen@spencerfane.com
krussell@spencerfane.com
*Attorneys for Served Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record:

Jaclyn M. Zimmerman
PONDER & ZIMMERMAN LLC
1141 South 7th Street, Suite 309
St. Louis, MO 63104

*ATTORNEY FOR PLAINTIFF*

/s Brian J. Christensen         ____
ATTORNEY FOR SERVED DEFENDANTS

OP 838412.1